McMahon, J

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
JUAN CABRERA,

        Plaintiff,

v.                                                              Case No. 07-CIV-9935 (CM)

BOSTON SCIENTIFIC CORPORATION,

        Defendant.
------------------------------------------------------- x

## CONFIDENTIALITY ORDER

It being represented to the Court that the Plaintiff Juan Cabrera has requested documents from Defendant Boston Scientific Corporation (referred to as "BSC") which involve trade secrets, confidential research, proprietary materials and development and/or commercial information belonging to Defendant; and

It being represented to the Court that BSC is willing to provide these documents for inspection and review only under a Confidentiality Order upon the hereinafter stated terms and conditions; and

It being represented to the Court that all of the parties are in agreement as to the terms of the said Confidentiality Order; therefore,

It is hereby ORDERED that:

1.    Any confidential and/or proprietary documents or information of or relating to Boston Scientific's confidential trade secrets, business secrets, commercial or proprietary information which are produced by Boston Scientific in pre-trial discovery, are provided to Plaintiff subject to the Confidentiality Order entered in this case, solely for the purposes of the dispute in the above-captioned action between the Parties and may not be

used by any Party for any other purposes. Boston Scientific shall mark any such documents:

"CONFIDENTIAL"

A.  Boston Scientific may redact patient and reporter information. Should Boston Scientific not redact such patient identifying information, this information is still deemed confidential pursuant to Paragraph 2.

B.  The inadvertent production of a privileged document shall not constitute a waiver of the privilege, which may be asserted after the inadvertent document is produced or selected for copy.

C.  If Plaintiff contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated said materials as "Confidential." The party or non-party who designated the materials shall then have twenty (20) days from receipt of such written notice to apply to the Court for an order designating the material as "Confidential." The party or non-party seeking the order has the burden of establishing that the document is entitled to protection. Until resolution of the dispute is achieved either by consent or Court Order, the Parties shall treat the designated documents or information as "Confidential."

D.  If a party wishes to disclose information designated "Confidential" pursuant to this Order for any other purpose, unrelated to the present lawsuit, permission to do so must be requested in writing from the designating party. Upon receipt of such a written request, if the designating party objects to the proposed disclosure,

the designating party shall then have ten (10) days to file an appropriate motion with the Court. The parties shall negotiate in good faith before filing any motion relating to this Order. No further disclosure may be made until the Court rules on the designating party's motion.

2. Any patient identifying information obtained in discovery from any source in this matter relating to patients other than Juan Cabrera is deemed Confidential Information and can only be used as set forth in Paragraph 3, infra. Such information is protected private information and any attempt by a party or an attorney in this matter to utilize such information other than for purposes set forth in Paragraph 3 will constitute a violation of this Order.

3. Anyone who is provided with Confidential Information or Documents under this Order shall use such Information and Documents solely in connection with this action, shall keep such information and documents strictly confidential, and shall in no way divulge such information and documents, or any portion, summary, abstract or other derivation thereof, to any firm, person or entity, except as follows:

   A. Attorneys representing or advising a Party in connection with the instant action, and their paralegals or other employees who require access for the purpose of litigating the instant action;

   B. To outside experts or consultants retained in connection with the instant action, who agree to be bound by the Confidentiality Order as set forth below in Paragraph 5;

   C. To witnesses who testify at deposition, hearings or at trial, or if any such further proceedings occur in this case;

  D. To court reporters appearing at deposition, hearings or at trial, or any such further proceedings occur in this case;

  E. To third-party vendors hired by attorneys for the parties in connection with labeling and/or copying Confidential Information or Documents, provided these vendors agree to keep such information confidential.

4. Should Boston Scientific make original documents available for inspection, the information contained in such documents shall be deemed "Confidential" and shall be subject to the provisions of this Order until such time as the reviewing Party designates for copying any of the reviewed documents and the producing Party labels those documents containing Confidential Information pursuant to the provision of Paragraph 3. The inadvertent production of a privileged document shall not constitute a waiver of the privilege, which may be asserted after the inadvertently produced document is selected for copying.

5. Counsel for Plaintiff and counsel for the other parties to this litigation may permit expert(s) retained for this case to review the documents subject to this Confidentiality Order, but counsel for the Plaintiff and counsel for the other parties must first obtain from said expert(s) a written statement confirming each expert's agreement to comply with every element of this Confidentiality Order. Said expert(s) shall agree that the contents of the documents shall not be disclosed to any other person and said documents shall not be photocopied or reproduced by any other means other than for use in this lawsuit.

6. Any deposition which a Party determines will or might reasonably include disclosure of Confidential information shall be attended only by those persons entitled to

receive such Information pursuant to Paragraph 3 of this Order. Within thirty (30) days after a copy of the transcript taken at the deposition is delivered to the Parties, counsel may designate the entirety or any specified portion or pages of the transcript or exhibits thereto as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential – Subject to Protection Pursuant to Court Order." This designation shall be in writing and served upon all counsel. Where such a timely designation is made, the confidential portions and exhibits shall be filed under seal, separate from the portions not so marked. Until expiration of the thirty (30) day period, the entire deposition and all exhibits thereto shall be treated as subject to protection against disclosure under this Order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential. Provided, however, that patient identifying information disclosed during a deposition shall be deemed Confidential Information regardless of whether the deposition is subsequently designated "Confidential." A document previously labeled "Confidential" and made an exhibit to a deposition retains its confidentiality regardless of whether that deposition is subsequently designated "Confidential".

7.  Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds, including, but not limited to, relevance, privilege and materiality.

8.  Notwithstanding the foregoing provisions, this Order shall not restrict in any manner the right of any party to offer or use as evidence in this lawsuit any of the documents subject to this Confidentiality Order and nothing contained herein shall be

construed as a waiver of any objection which might be raised as to the admissibility at trial of any evidentiary material.

9. The documents subject to this Confidentiality Order shall not be filed with the Court unless and until the Court orders that such documents shall be filed under seal or by other direction of the Court. Once the Court issues an order allowing the materials to be filed under seal, the documents shall bear the legend:

> "THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION COVERED BY A CONFIDENTIALITY ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT CONFIDENTIALITY ORDER. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT."

Said documents shall be kept under seal until further order of the court; however, said documents filed under seal shall be available to the Court and counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Order.

10. At the conclusion of this lawsuit by settlement, a jury verdict, nonsuit or by judgment order, all BSC materials received by parties to this suit shall be returned to counsel for BSC.

11. Failure to abide by these terms shall result in appropriate sanctions by this Court including the striking of evidence and/or pleadings, and payment by counsel of the party responsible for any such breach of this order of all costs and expenses incurred in the enforcement of same, including attorneys fees.

12. This Order, and the obligation to keep Confidential Information confidential, shall survive final termination of this action.

13. This Order shall not prevent any Party from applying to the Court for modification of the Order or for further relief. The Court shall retain jurisdiction to enforce any provisions of this Order.

SIGNED this 17 day of January, 2008.

_____
District Judge Colleen McMahon
U.S.D.J.

AGREED AS TO FORM AND CONTENT:


_____
Amy Insler
Bonina & Bonina, P.C.
16 Court Street, Suite 1800
Brooklyn, NY 11241

Attorneys for Plaintiff
Juan Cabrera


*/s/ Angel R. Vicari*
_____
James D. Herschlein
Angela R. Vicari
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

Attorneys for Defendant
Boston Scientific Corporation

AGREED AS TO FORM AND CONTENT:

*Amy Insler*

Amy Insler
Bonina & Bonina, P.C.
16 Court Street, Suite 1800
Brooklyn, NY 11241

Attorneys for Plaintiff
Juan Cabrera


James D. Herschlein
Angela R. Vicari
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

Attorneys for Defendant
Boston Scientific Corporation

8

31590307